IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CLEO MURPHY, individually and on behalf of all others similarly situated, | : : : | **COLLECTIVE ACTION COMPLAINT** |
| Plaintiff, | : : : | **JURY TRIAL DEMANDED** |
| v. | : : | Case No: |
| MODERNISTIC II, LLC; MODERNISTIC, LLC; MODERNISTIC CARPET CLEANING CO., LLC; MODERNISTIC LANSING, LLC; LBK, LTD, LLC; SCHUSTER'S LLC; TITANS CARPET, LLC; MODERNISTIC RUGOLOGY, LLC; MODERNISTIC WATER RESTORATION, LLC; MODERNISTIC PRODUCTS & SUPPLY SERVICES, LLC; MODERNISTIC DUCT CLEANING, LLC; and MODERNISTIC LEASING, LLC, d/b/a Modernistic, jointly and severally, | : : : : : : : : : : : : : : : : | Hon. |
| Defendants. | : | |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Cleo Murphy ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective Action against Defendants Modernistic II, LLC, Modernistic, LLC, Modernistic Carpet Cleaning Co., LLC, Modernistic Lansing, LLC, LBK, LTD, LLC, Schuster's LLC, Titans Carpet, LLC, Modernistic Rugology, LLC, Modernistic Water Restoration, LLC, Modernistic Products and Supply Services,

1

LLC, Modernistic Duct Cleaning, LLC, and Modernistic Leasing, LLC (hereinafter "Defendants" or "Modernistic") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

## **INTRODUCTION**

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Cleo Murphy ("Plaintiff"), individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' systematic failure to include all remuneration in their overtime computations in willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Defendants jointly own and operate "Michigan's #1 Cleaning and Restoration company."[1]

3. Modernistic was created by Bob McDonald in Troy, Michigan in 1973. *Id*. It has been headquartered at 1402 Rankin Drive in Troy, Michigan since 1990. *Id*.

4. Lee and Katie Hitow purchased Modernistic's first franchise in 1985 to service the West Michigan area. *Id*.

---

[1] https://www.modernistic.com/about-us/our-story/ (last visited Jan. 8, 2024)

5. Bob McDonald and Lee Hitow opened an office in Lansing, Michigan in 2003 to serve the mid-Michigan region. *Id*.

6. Since 2003, additional office locations opened to serve the Flint, Mt. Pleasant, and Tri-cities area. *Id*.

7. In 2005, Modernistic expanded its carpet cleaning and restoration services to include air duct cleaning. *Id*.

8. In 2020, Bob McDonald and Lee Hitow merged a number of Modernistic entities, and a Traverse City location opened in 2021. *Id*.

9. In providing carpet cleaning, restoration, and air duct cleaning services, Defendants employ hourly non-exempt employees such as Technicians, and other similar positions, within or out of each of their following business locations:

   a. Metro Detroit and Ann Arbor Area: 1402 Rankin Drive, Troy, MI 48083

   b. Traverse City/Northern Michigan Area: 1393 Industry Drive, Traverse City, MI 49696

   c. West Michigan (Kalamazoo, Battle Creek and Surrounding) Area: 821 Wakefield, Plainwell, MI 49080

   d. Grand Rapids Area: 2535 Roger B. Chaffee Boulevard, Suite D, Grand Rapids, MI 49548

   e. Lansing, Jackson and Surrounding Area: 4310 S. Creyts Road, Lansing, MI 48917

   f. Saginaw, Bay City, Midland Area: 3830 E. Washington Road, Saginaw, MI 48601

10. On information and belief, Defendants presently own and operate at least twelve Michigan business entities which collectively provide services under the Modernistic brand:

    a. Modernistic II, LLC, resident agent Paul Miller, located at 2745 Pontiac Lake Road, Waterford, MI 48328.

    b. Modernistic, LLC, resident agent Robert McDonald, located at 1460 Rankin Street, Troy, MI 48083.

    c. Modernistic Carpet Cleaning Co., LLC, resident agent Robert McDonald, located at 1460 Rankin Street, Troy, MI 48083. Modernistic Carpet Cleaning Co.'s Registered Office Mailing address is 821 Wakefield, Plainwell, MI 49080.

    d. Modernistic Lansing, LLC, resident agent Robert McDonald, located at 1460 Rankin Street, Troy, MI 48083. Modernistic Lansing's Registered Office Mailing address is 821 Wakefield, Plainwell, MI 49080.

    e. LBK, LTD, LLC, resident agent Lee Hitow, located at 821 Wakefield, Plainwell, MI 49080. LBK, LTD, LLC was previously named Modernistic Cleaning and Restoration and Modernistic Carpet Cleaning of Kalamazoo.

    f. Schuster's LLC, resident agent Douglas Schuster, located at 10649 Oakhill Drive, Fenton, MI 48430. Schuster's LLC's Registered Office Mailing address is P.O. Box 730, Hartland, MI 48353. Schuster's LLC was formerly named Modernistic of Livingston and Genesee Counties.

    g. Titans Carpet, LLC, resident agent Laurie Schuster, located at 10649 Oakhill, Fenton, MI 48430. Titans Carpet's registered mailing address is P.O. Box 730, Hartland, MI 48353. Titans Carpet LLC was formerly named Modernistic of Hartland.

    h. Modernistic Rugology, LLC, resident agent Robert McDonald, located at 1460 Rankin Street, Troy, MI 48083.

4

    i. Modernistic Water Restoration, LLC, resident agent Jillian McDonald Fiebelkorn, located at 1460 Rankin Street, Troy, MI 48083.

    j. Modernistic Products and Supply Services, LLC, resident agent Robert McDonald, located at 1460 Rankin Street, Troy, MI 48083.

    k. Modernistic Duct Cleaning, LLC, resident agent Robert McDonald, located at 1460 Rankin Street, Troy, MI 48083.

    l. Modernistic Leasing, LLC, resident agent Brenda Persyn, located at 1460 Rankin Street, Troy, MI 48083.

11. Defendants collectively own and operate the above business entities and do business as one enterprise: Modernistic. *Id.*

12. Plaintiff and the putative collective members consist of current and former hourly employees of Defendants at one or more of the above referenced locations and/or entities. Throughout the relevant period, Defendants maintained a corporate policy and practice of willfully refusing to pay Plaintiff and all similarly situated employees the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

13. In particular, Defendants failed to include non-discretionary on-call bonuses and commission payments into the regular rate of pay for Plaintiff and all others similarly situated when calculating their overtime rates.

14. As a result of Defendants' willful failure to compensate Plaintiff and all similarly situated employees at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have

violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.* including 29 U.S.C. §§ 207(a)(1), 215 (a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

15. Plaintiff and all similarly situated employees are entitled to back pay, liquidated (double) damages, plus reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

17. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

18. Defendants' annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

19. Venue lies in this District pursuant to 28 U.S.C. § 1391 because Modernistic advertises its headquarters location as Troy, Michigan, and the actions and omissions giving rise to the claims pled in this Complaint substantially occurred

in this District.

## PARTIES

20. Plaintiff is an adult resident of Flint, in Genesee County, Michigan and has been employed by Defendant Modernistic II, LLC, since April 5, 2021. Plaintiff's consent to joint form is attached as *Exhibit A*.

21. Additional putative Collective members were or are employed by Defendants as hourly employees during the past three years and their consent forms will also be filed in this case.

22. Defendants are domestic limited liability companies authorized to do business pursuant to the laws of the State of Michigan.

23. Defendants' resident agents and registered offices, to the extent the information is publicly available, are listed above in paragraph 10.

24. At all times relevant to this Complaint, Defendants were a common enterprise and joint "employers" of Plaintiff and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

## FACTUAL ALLEGATIONS

25. Plaintiff has worked for Modernistic as a non-exempt, hourly employee since April 5, 2021.

26. Plaintiff works out of Defendants' Saginaw Area location at 3830 E. Washington Road, Saginaw, Michigan 48601.

27. Plaintiff's current base hourly rate of pay is $15.00.

28. In addition to the base rate of pay, Defendants regularly incorporate various types of non-discretionary pay into its payment structure. For example, Defendants promise and pay to its hourly employees non-discretionary on-call bonuses and commission.

29. As non-exempt employees, Defendant's hourly employees are entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

### The Regular Rate of Pay

30. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

31. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

32. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

33. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

34. Plaintiff's "total remuneration" included not only his base hourly pay, but also any non-discretionary bonuses. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including

9

non-discretionary bonuses).

35. Defendant's bonuses and commissions do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

36. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

37. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid some overtime for those hours but at a rate that does not include Defendant's non-discretionary on-call bonuses or commission pay as required by the FLSA.

38. For example, Plaintiff's 09/01/2023 paystub shows 110.25 hours of work (comprised of 80 hours at a $15.00 base rate, and 30.25 hours at a $22.50 overtime base rate) and gross earnings of $2,375.94, inclusive of $50.00 non-discretionary on-call bonus, $20 tip listed as "Bonus" and $425.31 commission. However, his overtime rate does not account for the bonuses or commission and, therefore, violates the FLSA.

39. To the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or

10

work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

40. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at 3 (1985).

41. As a result of these *prima facie* FLSA violations, Modernistic is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

42. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of:

> *All of Defendant's current and former hourly employees who worked for Defendants at any time during the three years preceding the filing of this Complaint.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

43. Excluded from the proposed FLSA collective are Defendants' executives and any outside sales persons.

44. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive non-discretionary on-call bonuses and/or commission pay, but such pay was not calculated as part of their regular rate as required by the FLSA.

45. Upon information and belief, Defendants utilized centralized payroll systems which calculated overtime pay for all similarly situated employees in the same or similar manner.

46. Resolution of this action requires inquiry into common facts.

47. These similarly situated individuals are known to the Defendants, are readily identifiable, and can be located through Defendants' payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

48. Court-authorized notice to Defendants' hourly employees is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means—including email and text message—and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

49. Upon information and belief, there are hundreds of similarly situated current and former employees of Defendants who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY OVERTIME

50. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51. Defendants are employers within the meaning of 29 U.S.C. § 203(d).

52. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

53. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendants' non-discretionary on-call bonuses and commissions do not fall into any of those exceptions.

54. Defendants failed to include non-discretionary on-call bonuses and commissions into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants' hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

55. At all relevant times, Defendants had policies and practices of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

56. As a result of Defendants' willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendants' FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendants are statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

58. Plaintiff and all others similarly situated are entitled to back pay,

liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendants to provide Plaintiff lists of all current and former hourly employees who worked for Defendants at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order designating Plaintiff as representative of the FLSA Collective; and undersigned counsel as Class counsel for the same;

c. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

f. An award of pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, and all others similarly situated, hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: January 16, 2024

Respectfully submitted,

<u>*/s/Jesse L. Young*</u>
Jesse L. Young (P72614)
SOMMERS SCHWARTZ, P.C.
141 E. Michigan Avenue, Suite 600
Kalamazoo, MI 49007
Tel: (269) 250-7501
jyoung@sommerspc.com

Paulina R. Kennedy (P84790)
SOMMERS SCHWARTZ, P.C.
One Town Square, 17th Floor
Southfield, Michigan 48076
Tel: (248) 355-0300
pkennedy@sommerspc.com

*Attorneys for Plaintiff and the Proposed Collective*